IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, on Behalf of Himself, His Grandchildren, and all Similarly Situated, | ) ) ) ) | 4:12CV3191 |
| Plaintiff, | ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| EPA, | ) ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis and "Motion in Arrest of Judgement." (Filing Nos. 8 and 9.) For the reasons discussed below, Plaintiff's Motions are denied.

Plaintiff filed his Complaint in this matter on September 6, 2012. (Filing No. 1.) He filed an Amended Complaint on September 10, 2012. (Filing No. 4.) The court dismissed this matter on October 25, 2012, because Plaintiff did not pay the court's filing fee or submit a motion for leave to proceed in forma pauperis. (Filing Nos. 6 and 7.) Thereafter, on October 29, 2012, and November 2, 2012, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis and a "Motion in Arrest of Judgment," respectively. (Filing Nos. 8 and 9.)

Liberally construed, Plaintiff seeks relief from the court's judgment pursuant to Federal Rule of Civil Procedure 60(b). The rule states:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In Plaintiff's "Motion in Arrest of Judgment," Plaintiff states that "there must be some mistake" because he filed a "poverty affidavit" at the time he filed his original Complaint, on September 6, 2012. (Filing No. 9) However, the court has carefully reviewed the docket sheet and finds that Plaintiff did not file a poverty affidavit with his Complaint or Amended Complaint. (*See* Filing Nos. 1 and 4.) Indeed, Plaintiff did not provide the court with a statement of his assets until October 29, 2012, four days after the court entered judgment in this matter. As such, Plaintiff has failed to convince the court there has been a mistake that entitles him to relief pursuant to Rule 60(b).

Moreover, the court dismissed this matter without prejudice. (Filing No. 7.) A review of the court's records shows that on November 2, 2012, Plaintiff filed a nearly identical Complaint in Case Number 8:12CV388. (Filing Nos. 1 and 4; Case No. 8:12CV388, Filing No. 1.) Case Number 8:12CV388 deals with the same issues and sets forth the same claims as those Plaintiff raised in this matter. That matter is still open, and Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis that has yet to be ruled on by the court. In short, the court is permitting Plaintiff the opportunity to pursue his claims in Case Number 8:12CV388. Therefore, it sees no reason to reopen this duplicative matter.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Filing No. 8) is denied.

(2) Plaintiff's Motion in Arrest of Judgment (Filing No. 9) is denied.

DATED this 9th day of November, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.